Case: 1:20-cv-01122-SO  Doc #: 2-2  Filed: 05/22/20  1 of 21.  PageID #: 9

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20931842 | D1 CM | 41615608 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

|  | |
|---|---|
| SEAN M. MARSHALL | **PLAINTIFF** |
| **VS** | |
| KEIS GEORGE LLP | **DEFENDANT** |

# SUMMONS

KEIS GEORGE LLP
CO WILLIAM H. KEIS, JR. S/A
SUITE 800
55 PUBLIC SQUARE

CLEVELAND OH 44113

**You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.**

**You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.**

**Said answer is required to be served on:**



**Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)**

Plaintiff's Attorney

PATRICK D MILLER
2012 WEST 25TH ST 7001

CLEVELAND, OH 44113-0000

**Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney herein.**

**If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.**

**Case has been assigned to Judge:**

STEVEN E GALL
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Apr 14, 2020 |

By _____
          Deputy

COMPLAINT FILED   04/13/2020

CMSN130

EXHIBIT A

Date Produced: 04/27/2020

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3540 2214 25. Our records indicate that this item was delivered on 04/22/2020 at 06:11 a.m. in CLEVELAND, OH 44101. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 13, 2020 18:11**

By: MATTHEW L. ALDEN 0065178

Confirmation Nbr. 1983987

SEAN M. MARSHALL                                  CV 20 931842

vs.

KEIS GEORGE LLP                        **Judge:**  STEVEN E. GALL

**Pages Filed:**  18

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DVISION

| | | |
|---|---|---|
| Sean M. Marshall | ) | Case No.: |
| 7280 Callow Road | ) | |
| Leroy, Ohio  44077-8870, | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Complaint for Money Damages and** |
| v. | ) | **Injunctive Relief** |
| | ) | |
| Keis George LLP | ) | **Jury Demand Endorsed Hereon** |
| c/o William H. Keis, Jr. s/a | ) | |
| 55 Public Square | ) | |
| Suite 800 | ) | |
| Cleveland, Ohio  44113, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For his  complaint  against  the  Defendant  Keis  George  LLP,  Plaintiff  Sean  M.  Marshall

("Marshall") states as follows:

**Preliminary Statement**

1.      This is an action for actual, statutory and punitive damages brought by Marshall against

Keis George LLP for its negligent, willful and knowing violations of the Fair Credit Reporting

Act in connection with its unlawful, post-bankruptcy filing collection activity and unlawful

accessing of Marshall's credit information subsequent to his bankruptcy discharge.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p. Venue in this

county is proper because Keis George LLP transacts business in this county and part of the

conduct complained of occurred in this county.

**Parties**

3.      Marshall is an adult individual presently residing in Leroy, Ohio and is a "consumer" as

that term is defined in the Fair Credit Reporting Act.

4.    Keis George LLP is an Ohio limited partnership with its principal place of business located in Cleveland, Ohio.

5.    For the purposes of this complaint, unless otherwise indicated, "Keis George LLP" means all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Keis George LLP.

**Background**

6.    On August 28, 2018, Keis George LLP filed a civil lawsuit for money damages on behalf of Progressive Specialty Insurance Company against Marshall in the Shaker Heights Municipal Court, the "Shaker Heights litigation".  A true and accurate copy of the docket in *Progressive Specialty Insurance Company v. Wheeler, et al*, Case Number 18-CVE-01355 is attached to this Complaint as Exhibit A, Pages 1-2.

7.    In the Shaker Heights litigation, Keis George LLP sought to enforce Progressive's subrogation rights for a car accident involving a vehicle owned by Sean Marshall.

8.    On February 4, 2019, Marshall filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio.

9.    The case was docketed as *In re Sean M. Marshall,* Case No.: 19-10564.

10.   A true and accurate copy of the Notice of Filing of Marshall's bankruptcy case is attached to this Complaint as Exhibit A, Pages 3-4.

11.   One of the debts included in Case Number 19-10564 was the claim for money asserted by Progressive in the Shaker Heights litigation.

12.   Attached to this Complaint are true and accurate copies of pages 28 and 30 of Marshall's Chapter 7 Bankruptcy petition, showing that Progressive was listed as an unsecured, non-priority

creditor and Keis George LLP was listed as the attorneys for Progressive.

13.     As shown by the Shaker Heights Municipal Court docket, the Shaker Heights court notified Keis George LLP by an order dated February 8, 2019 that Marshall had filed for bankruptcy and that all further proceedings in that case was stayed.   (Exhibit A, Page 2).

14.     On May 15, 2019, the bankruptcy court issued an order granting Marshall a discharge of all the unsecured consumer debt he owed at that time, including the debt he owed Progressive and that Keis George LLP was attempting to collect in the Shaker Heights litigation.

15.     The discharge order terminated any rights of Marshall's unsecured creditors to collect money he owed at that time, including the debt that Keis George LLP was attempting to collect.

16.     Marshall never reaffirmed any of the unsecured debt discharged in Case No.: 19-10564.

17.     Marshall received a full discharge of all his unsecured consumer debt, including any debt that Keis George LLP was attempting to collect on behalf of Progressive in the Shaker Heights litigation.

18.     As of February 8, 2019, the date of the Stay order entered in the Shaker Heights litigation, and May 15, 2019, the date of the discharge order, Keis George LLP knew or should have known that Marshall was the debtor in a Chapter 7 bankruptcy case, that he was protected by the bankruptcy stay, that he was subsequently granted a discharge in the bankruptcy case and that he was protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under the bankruptcy code, specifically 11 U.S.C. § 524.

19.     As May 15, 2019, Keis George LLP had no reason to access Marshall's credit reports or to conduct any collection activity with respect to him.

20.     Despite the fact that Marshall discharged any debt for which Keis George LLP could be collecting and that was owed by Marshall prior to February 4, 2019, on February 6, 2019 and

August 11, 2019, Keis George LLP accessed the personal and confidential information contained in Marshall's TransUnion account without any permissible purpose and without Marshall's knowledge or consent.

21.     Marshall had no reason to suspect that Keis George LLP had illegally pulled his personal and confidential TransUnion credit report until he obtained a copy of his TransUnion credit report dated January 21, 2020, which disclosed the illegal pulls and collection activity that occurred on February 6, 2019 and August 11, 2019. A true and accurate copy of the relevant portion of Marshall's January 21, 2020 TransUnion credit report is attached as Exhibit A, Page 10.

22.     On February 6, 2019 and August 11, 2019, Keis George LLP represented to TransUnion that its requests for Marshall's personal and confidential credit information request was made for "account review" purposes and in order to conduct collection activity.

23.     Marshall has not requested credit from or otherwise initiated any business relationship with Keis George LLP at any time prior to or subsequent to his bankruptcy filing.

24.     After a reasonable time to conduct discovery, Marshall believes he can prove that all actions taken by Keis George LLP as described in this Complaint were taken willfully to invade his privacy without justification and with reckless disregard for Marshall's right to a fresh start under the Bankruptcy Code.

25.     Creditors and debt collectors are desensitized to disputes over money and demands for payment.

26.     Conflicts over money become routine and are handled in an assembly-line fashion.

27.     For individuals that have been put through the rigors of a bankruptcy filing, however, the reality is starkly different.

28.     As Judge Harris of the Northern District of Ohio Bankruptcy Court has noted, "[a] bankruptcy filing is a stressful and emotional event for an individual debtor." *In re Docherty*, 2016 Bankr. Lexis 511, *35 (N.D. Oh. Bankr. 2016).

29.     The filing of a Chapter 7 bankruptcy case involves putting out into the public record numerous details about a set of circumstances that have led to financial failure.

30.     The reasons vary, but usually involve divorce, job loss, a serious medical issue, unmanageable student loans, poor judgment, or some combination of all or part of these factors. It is a truly unpleasant experience that most people are eager to put behind them.

31.     Marshall is justifiably upset that, after all he went through to get past a depressing episode in his life, Keis George LLP is trying to deny him the fresh start he thought the discharge order in his case had obtained for him.

32.     Marshall reasonably fears that, absent this Court's intervention, Keis George LLP will:

    a.     continue to illegally access his personal, private and financial information;

    b.     ultimately attempt to seek payment from him on a discharged debt; and

    c.     ultimately cause harm to his credit or otherwise harm him economically.

33.     Because of the actions taken by Keis George LLP in conducting post-filing and post-discharge account reviews that lacked any legitimate purpose, Marshall was forced to hire an attorney and his damages include reasonable attorney fees incurred in pre-suit representation and prosecuting this case.

## Claim No. 1: Violation of 15 U.S.C. § 1681n

34.     All prior paragraphs are incorporated into this claim by reference.

35.     Keis George LLP is a furnisher and user of consumer credit information.

36.     After filing for bankruptcy and receiving his discharge, at no time did Marshall apply for

credit from Keis George LLP.

37.     Upon information and belief, Keis George LLP knowingly and willfully requested and obtained Marshall's consumer report from TransUnion despite having actual knowledge that Marshall's obligation on any prepetition, unsecured non-priority debt owed to Progressive was stayed as of February 4, 2019 and discharged as of May 15, 2019.

38.     Keis George LLP lacked any permissible purpose in conducting "account reviews" or in obtaining Marshall's personal credit information after he filed for bankruptcy on February 4, 2019 and received his bankruptcy discharge in Case Number 19-10564.

39.     Keis George LLP knowingly and willfully obtained Marshall's information from TransUnion under false pretenses.

40.     As a direct and proximate result of Keis George LLP's violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional anguish stemming from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681n.

41.     Additionally, the harm suffered by Marshall is attended by circumstances of fraud and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

## Claim No. 2:  Violation of 15 U.S.C. § 1681o

42.     All prior paragraphs are incorporated into this claim by reference.

43.     Keis George LLP is a furnisher and user of consumer credit information.

44.     After filing for bankruptcy and receiving his discharge, at no time did Marshall apply for credit from Keis George LLP.

45.     Upon information and belief, Keis George LLP negligently requested and obtained Plaintiff's consumer report from TransUnion.

46.     Keis George LLP lacked any permissible purpose in conducting "account reviews" or in obtaining Marshall's personal credit information after he filed for bankruptcy and received his bankruptcy discharge in Case Number 19-10564.

47.     Keis George LLP negligently obtained Marshall's information from TransUnion under false pretenses.

48.     After a reasonable time to conduct discovery, Marshall believes he can prove that Keis George LLP is engaged in a pattern and practice of unlawful behavior with respect to the accessing of consumer reports on individuals who have filed for bankruptcy and have received a discharge in bankruptcy.

49.     As a direct and proximate result of Keis George LLP's violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional anguish stemming from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o(a)(1) & (2).

### Prayer for Relief

**Wherefore**, Plaintiff Sean M. Marshall prays for judgment against Defendant Keis George LLP as follows:

1.      An award of actual damages in such amounts to be proved at trial in excess of $25,000.00, pursuant to 15 U.S.C.§§ 1681n(a)(1) & 1681o(a)(1);

2.      An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

3.      An award of punitive damages, in excess of $25,000.00, pursuant to 15 U.S.C. §

1681n(a)(2);

4.      For pre-judgment and post-judgment interest;

5.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) &

1681o(a)(2); and

6.      All other legal or equitable relief to which Plaintiff may be entitled.

### Demand for A Jury Trial

Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,


/s/ Matthew L. Alden
Matthew L. Alden (0065178)
Patrick D. Miller (0088408)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio  44113-4131
Phone:  216-586-6600
Fax:    216-539-9326
malden@lawlh.com
pmiller@lawlh.com
Counsel for Plaintiff Sean M. Marshall



# Shaker Heights Municipal Court

Judge's Bio
Waiver
Online Payments
Criminal Traffic
Civil Small Claims
Docket
Probation
Court Courier
General Info
Municipal Info
Links
Login
Jury Service

# Search

## Shaker Heights Municipal Court - Civil Case Summary

### General Information
**Case Number :** 18CVE01355
**Case Name :** PROGRESSIVE SPECIALTY INSURANCE COMPANY v. SHONA MARIA WHEELER, et al.
**DateFiled :** 8/28/2018
**Case Status :** Open
**Municipality :** PEPPER PIKE

### Parties

| Party Type | Party Name | Party Address | Attorney Info |
|---|---|---|---|
| Plaintiff | (No Business Name) | P.O. BOX 512929<br><br>LOS ANGELES, CA 90051 | O'MALLEY, PATRICK<br>216-241-4100 |
| Defendant | SHONA MARIA WHEELER | 7280 CALLOW ROAD<br><br>PAINESVILLE, OH 44077-8870 | |
| Defendant | SEAN M. MARSHALL | 7280 CALLOW ROAD<br><br>PAINESVILLE, OH 44077-8870 | |

### Claims/Judgments

| Claim Number | Claim Description | Date Filed | Claim Type | Prayer Amount |
|---|---|---|---|---|
| 1 | PROGRESSIVE SPECIALTY INSURANCE COMPANY v. SHONA MARIA WHEELER, et al. | 8/28/2018 | Original Claim - Claim between plaintiff(s) and defendant(s) | $3,435.69 |
| | **Judgment Number** | | **Judgment Judgment Date** | **Judgment Amount** |
| | 1 | | DEFAULT 12/5/2018 | $3,435.69 |

### Docket Information
Click on entry text to view the full entry.

| Entry Date | Entry Text |
|---|---|
| 8/28/2018 | Original Claim for $3435.69 Filed, PROGRESSIVE SPECIALTY INS |
| 8/28/2018 | Paid $26.00 for Cost/Ohio Legal Aid - Civil receipt# 20183 |
| 8/28/2018 | Paid $77.00 for Cost/Civil Filing Fee receipt# 2018385909 |
| 8/28/2018 | Paid $12.00 for Cost/ADR Fee receipt# 2018385909 by PATRIC |
| 8/28/2018 | Paid $5.00 for Cost/Capital Improvements-Civil receipt# 20 |
| 8/28/2018 | Paid $3.00 for Cost/Computer Legal Research receipt# 20183 |
| 8/28/2018 | Paid $22.00 for Cost/Civil Costs-Deposit receipt# 20183859 |
| 8/28/2018 | 113-Summons notice issued to SHONA MARIA WHEELER via Certifi |
| 8/28/2018 | 113-Summons notice issued to SEAN M. MARSHALL via Certified |
| 9/11/2018 | Service for 113-Summons to SHONA MARIA WHEELER sent via Cert |
| 9/11/2018 | Service for 113-Summons to SEAN M. MARSHALL sent via Certifi |
| 9/11/2018 | PC-UNCLAIMED MAIL Notice sent to PATRICK J O'MALLEY |
| 9/18/2018 | Written REQUEST FOR REGULAR MAIL filed by PROGRESSIVE SPECI |
| 9/18/2018 | Paid $20.00 for Cost/Motion receipt# 2018386310 by PATRICK |
| 9/18/2018 | 113-Summons notice issued to SEAN M. MARSHALL sent via Regular Ma |
| 9/18/2018 | Service for 113-Summons to SEAN M. MARSHALL sent via Regular |
| 9/18/2018 | Written REQUEST FOR REGULAR MAIL filed by PROGRESSIVE SPECI |

**Exhibit A, Page 1**

| | |
|---|---|
| 9/18/2018 | Paid $20.00 for Cost/Motion receipt# 2018386311 by PATRICK |
| 9/18/2018 | 113-Summons notice issued to SHONA MARIA WHEELER via Regular |
| 9/18/2018 | Service for 113-Summons to SHONA MARIA WHEELER sent via Regu |
| 11/20/2018 | Written MOTION FOR DEFAULT JUDGMENT filed by PROGRESSIVE SP |
| 11/20/2018 | Paid $20.00 for Cost/Motion for Default Judgment receipt# |
| 12/5/2018 | SEE JUDGMENT ENTRY: Judgment be and hereby is rendered agai |
| 12/5/2018 | Mailing Notice Notice sent to SEAN M. MARSHALL |
| 12/5/2018 | Mailing Notice Notice sent to PATRICK J O'MALLEY |
| 12/5/2018 | Mailing Notice Notice sent to SHONA MARIA WHEELER |
| 12/18/2018 | Written CERTIFIED COPY OF JUDGMENT ENTRY filed by PROGRESSI |
| 12/18/2018 | Paid $10.00 for Cost/Certified Copy receipt# 2018388221 by |
| 12/18/2018 | Certified Copy of the Judgment Entry mailed to Plaintiff's A |
| 1/14/2019 | Written CERT OF JUDG TRANS/LIEN filed by PROGRESSIVE SPECIA |
| 1/14/2019 | Paid $15.00 for Cost/Certificates receipt# 2019388706 by P |
| 1/14/2019 | 119-CERTIFICATE/LIEN Notice sent to PATRICK J O'MALLEY |
| 2/7/2019 | NOTICE OF BANKRUPTCY STAY AS TO SEAN MARSHALL ONLY FILED BY |
| 2/8/2019 | BANKRUPTCY STAY ORDER: The defendant's suggestion of stay i |
| 2/8/2019 | Mailing Notice Notice sent to PATRICK J O'MALLEY |
| 2/8/2019 | Mailing Notice Notice sent to SHONA MARIA WHEELER |
| 2/8/2019 | Mailing Notice Notice sent to SEAN M. MARSHALL |
| 2/25/2019 | LIEN NUMBER RECEIVED - JL 19881120 |

## Financials

| Amount Paid | Date Paid | Paid By | Receipt Number | Date Disbursed | Court Check Number | Paid To |
|---|---|---|---|---|---|---|
| $26.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $77.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $12.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $5.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $3.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $22.00 | 8/28/2018 | PATRICK J O'MALLEY | 2018385909 | | | |
| $20.00 | 9/18/2018 | PATRICK J O'MALLEY | 2018386310 | | | |
| $20.00 | 9/18/2018 | PATRICK J O'MALLEY | 2018386311 | | | |
| $20.00 | 11/20/2018 | PATRICK J O'MALLEY | 2018387654 | | | |
| $10.00 | 12/18/2018 | PATRICK J O'MALLEY | 2018388221 | | | |
| $15.00 | 1/14/2019 | PATRICK J O'MALLEY | 2019388706 | | | |

www.shakerheightscourt.org/search/Shaker_Civil_CaseSummary.asp?CaseId=51401&PageId=2

**Exhibit A, Page 2**

United States Bankruptcy Court
Northern District of Ohio

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 7 of the United
States Bankruptcy Code, entered on 02/04/2019 at
8:25 PM and filed on 02/04/2019.

```
       FILED
    02/04/2019
     8:25 PM
```

**Sean M. Marshall**
7280 Callow Road
Leroy, OH 44077
SSN / ITIN: xxx-xx-4693

The case was filed by the debtor's attorney:

**Matthew Alden**
2012 West 25th Street
Suite 701
Cleveland, OH 44113
216-586-6600

The bankruptcy trustee is:

**David O. Simon, Trustee**
55 Public Square
Suite 2100
Cleveland, OH 44113-1902
(216) 621-6201

The case was assigned case number 19-10564-jps to Judge JESSICA E. PRICE SMITH.

In most instances, the filing of the bankruptcy case automatically stays certain collection
and other actions against the debtor and the debtor's property. Under certain circumstances,
the stay may be limited to 30 days or not exist at all, although the debtor can request the
court to extend or impose a stay. If you attempt to collect a debt or take other action in
violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine
your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor,
they are available via the **PACER** system at https://www.ohnb.uscourts.gov (registration
required) or at the Clerk's Office, United States Bankruptcy Court, Howard M. Metzenbaum
U.S. Courthouse, 201 Superior Avenue, Cleveland, OH 44114-1235 between the hours of
9:00 AM - 4:00 PM.

You may be a creditor of the debtor. If so, you will receive an additional notice from the
court setting forth important deadlines.

Josiah C. Sell
Clerk, U.S. Bankruptcy
Court

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/13/2020 16:22:02 | | |
| **PACER Login:** | mla8918422:2705581:0 | **Client Code:** | 19-bk-10564 |
| **Description:** | Notice of Filing | **Search Criteria:** | 19-10564-jps |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

*Exhibit A, Page 4*

| Debtor 1 | Sean M. Marshall | | | |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | Case number *(if known)* _____ |

---

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
|---|---|

**3.** **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

**4.** **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

---

**4.10**

NCB Management Services
*Nonpriority Creditor's Name*

1 Allied Drive
*Number        Street*

Trevose                PA        19053
*City                    State      ZIP Code*

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number  1000

When was the debt incurred?  2015

**Total claim**

$ 6,400.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Collecting for Santander Consumer USA

---

**4.11**

Progressive Specialty Insurance Company
*Nonpriority Creditor's Name*

P.O. Box 512929
*Number        Street*

Los Angeles             CA        90051
*City                    State      ZIP Code*

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☑ No
☐ Yes

Last 4 digits of account number

When was the debt incurred?

$ 3,435.69

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Car Accident Balance

---

**4.12**

Trius Federal Credit Union
*Nonpriority Creditor's Name*

2915 2nd Ave
*Number        Street*

Kearney                 NE        68847
*City                    State      ZIP Code*

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number  3701

When was the debt incurred?  2013

$ 2,681.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Deficiency Balance

---

Debtor 1 _____Sean W. Marshall_____
         First Name    Middle Name    Last Name

Case number (if known) _____

| Part 3: | List Others to Be Notified About a Debt That You Already Listed |

5. **Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

| Keis George LLP |
| Name |
| 55 Public Square |
| Number          Street |
| Cleveland          OH          44113 |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _4.11_ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number    6723

| Santander Consumer USA |
| Name |
| PO Box 961245 |
| Number          Street |
| Fort Worth          TX          76161-12 |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _4.10_ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

| Yale Levy, Esq |
| Name |
| 4645 Executive Drive |
| Number          Street |
| Columbus          OH          43220 |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _4.10_ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

| Name |
| Number          Street |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

| Name |
| Number          Street |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

| Name |
| Number          Street |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

| Name |
| Number          Street |
| City               State       ZIP Code |

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

*Exhibit A, Page 6*

United States Bankruptcy Court
Northern District of Ohio

In re:                                                          Case No. 19-10564-jps
Sean M. Marshall                                                Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0647-1        User: admin           Page 1 of 1          Date Rcvd: May 16, 2019
                           Form ID: 318           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 18, 2019.
db          +Sean M. Marshall,    7280 Callow Road,   Leroy, OH 44077-8870
25866114    +EMP of Lake County, LTD,   PO Box 14099,   Belfast, ME 04915-4034
25866115    +First Federal Credit & Collections,   24700 Chagrin Boulevard,   Ste 205,
             Beachwood, OH 44122-5662
25866116    +Keis George LLP,    55 Public Square,   Cleveland, OH 44113-1909
25866117    +Lake Animal Hospital,   1777 Mentor Avenue,   Painesville, OH 44077-1497
25866118    +Lake Health,   PO Box 9800,   Coral Springs, FL 33075-0800
25866119    +May D. Marshall,    7280 Callow Road,   Leroy, OH 44077-8870
25866120    +Mentor Nissan,   6960 Center Road,   Mentor, OH 44060-4931
25866121    +NCB Management Services,   1 Allied Drive,   Trevose, PA 19053-6945
25866122    +Progressive Specialty Insurance Company,   P.O. Box 512929,   Los Angeles, CA 90051-0929
25866126    +Yale Levy, Esq,   4645 Executive Drive,   Columbus, OH 43220-3601

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           EDI: QDOSIMON.COM May 17 2019 02:48:00     David O. Simon, Trustee,   55 Public Square,
             Suite 2100,   Cleveland, OH  44113-1902
ust          E-mail/Text: ustpregion09.cl.ecf@usdoj.gov May 16 2019 23:24:49     Cynthia J. Thayer,
             US Department of Justice,   201 Superior Avenue,   Suite 441,   Cleveland, OH 44114-1234
25866112    +EDI: CAPITALONE.COM May 17 2019 02:48:00     Capital One Bank,   Attn: Bankruptcy,
             PO Box 30285,   Salt Lake City, UT 84130-0285
25866113     E-mail/Text: bankruptcy@consumerportfolio.com May 16 2019 23:26:21
             Consumer Portfolio Services,   Asset Recovery Department,   Po Box 57071,
             Irvine, CA 92619-7071
25866123    +EDI: DRIV.COM May 17 2019 02:48:00     Santander Consumer USA,   PO Box 961245,
             Fort Worth, TX 76161-0244
25866124    +E-mail/Text: tracy.palmieri@triusfcu.com May 16 2019 23:26:16     Trius Federal Credit Union,
             2915 2nd Ave,   Kearney, NE 68847-3519
25866125    +EDI: VERIZONCOMB.COM May 17 2019 02:48:00     Verizon,   2 Verizon Place,
             Alpharetta, GA 30004-8510
                                                                                  TOTAL: 7

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 18, 2019                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 15, 2019 at the address(es) listed below:
              David O. Simon, Trustee   david@simonlpa.com,   dosimon@ecf.axosfs.com
              Matthew Alden   on behalf of Debtor Sean M. Marshall malden@lawlh.com,
              malden@ecf.inforuptcy.com;lsekanic@lawlh.com;arichmond@lawlh.com
                                                                                  TOTAL: 2


Electronically Filed 04/13/2020 18:11 / / CV 20 931842 / Confirmation Nbr. 1983987 / CLLMD

*Exhibit A, Page 7*

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Sean M. Marshall** | Social Security number or ITIN   **xxx–xx–4693** |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Northern District of Ohio**

Case number:   **19–10564–jps**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Sean M. Marshall

5/15/19

**By the court:**  JESSICA E. PRICE SMITH
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Electronically Filed 04/13/2020 18:11 / / CV 20 931842 / Confirmation Nbr. 1983987 / CLLMD

*Exhibit A, Page 8*

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Electronically Filed 04/13/2020 18:11 /  / CV 20 931842 / Confirmation Nbr. 1983987 / CLLMD

*Exhibit A, Page 9*

19-10564-jps     Doc 11     FILED 05/18/19     ENTERED 05/19/19 00:22:14     Page 3 of 3

# Regular Inquiries

## Promotional Inquiries



## Account Review Inquiries

**106723 CAM D2 via KEIS GEORGE LLP** ( 55 PUBLIC SQUARE, SUITE 800, CLEVELAND, OH 44113, (216) 658-1598 )
**Permissible Purpose:** COLLECTION
**Requested On:** 08/11/2019, 02/06/2019, 01/31/2019

Electronically Filed 04/13/2020 18:11 /  / CV 20 931842 / Confirmation Nbr. 1983987 / CLLMD

To dispute online go to: http://transunion.com/disputeonline     *Exhibit A, Page 10*